UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Joel Salvador
and other similarly situated individuals,

     Plaintiff(s),

v.

Mama's Greek Cuisine Inc.,
and Georgia Memisakis, individually,

     Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

Comes now the Plaintiff Joel Salvador, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Mama's Greek Cuisine Inc., and Georgia Memisakis, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid regular and overtime wages under the United States laws.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Joel Salvador is a resident of Pinellas County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Mama's Greek Cuisine Inc. (from now on, Mama's Greek Cuisine, or Defendant) is a Florida corporation, having its principal place of business in Pinellas County, Florida, where Plaintiff worked for Defendant.

4. The individual Defendant Georgia Memisakis was and is now the owner/officer and manager of Defendant Corporation Mama's Greek Cuisine. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Pinellas County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Joel Salvador as a collective action to recover from the Defendants regular, and overtime compensation liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "F.L.A. or the "A.C.T.") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after January 2021, (the "material time") without being properly compensated.

7.  Defendant Mama's Greek Cuisine is a Greek restaurant located at 735 Dodecanesee Blvd., Suite 40-41, Tarpon Springs, Florida, where Plaintiff worked.

8.  Defendants Mama's Greek Cuisine and Georgia Memisakis employed Plaintiff Joel Salvador as a non-exempted, full-time, hourly employee during two periods. Plaintiff had duties as a dishwasher, prep cook, and cleaning employee.  Plaintiff worked for Defendants as follows:

9.  1-From approximately July 01, 2019, to December 15, 2019, or 24 weeks. - Plaintiff worked 5 days per week. Plaintiff had a regular schedule. He usually had Tuesdays and Thursdays off, but he worked on Mondays from 8:00 AM to 5:00 PM (9 hours); on Wednesdays from 7:00 AM to 10:00 PM (15 hours); on Fridays from 7:00 AM to 5:00 PM (10 hours); Saturdays from 7:00 AM to 11:00 PM (16 hours), and on Sundays from 7:00 AM to 10:00 PM (15 hours).  Plaintiff completed 65 hours in a workweek. Plaintiff was unable to take bonafide lunch breaks.

10. Plaintiff was paid at the rate of $11.00 an hour, and his overtime rate should be $16.50 an hour.  Plaintiff was paid for all his hours, but at his regular rate. In this period, Plaintiff is owed half-time overtime for every hour worked over 40 every week.

11. 2.- From approximately January 15, 2020, to March 15, 2020, or 8 weeks. - In this period, Plaintiff worked 7 days per week. He worked from Mondays to Thursdays from 8:00 AM to 10:00 PM (14 hours); on Fridays, Saturdays, and Sundays, he worked from 8:00 AM to 11:30 PM (15.5 hours). Plaintiff completed 102.5 working hours in a week. Plaintiff was unable to take bonafide lunch breaks.

12. Plaintiff was paid at the rate of $12.00 an hour, and his overtime rate should be $18.00 an hour.  Plaintiff was paid for all his hours, but at his regular rate. In this period, Plaintiff is owed half-time overtime for every hour worked over 40 every week.

13. 3.- From approximately April 15, 2020, to January 11, 2021, or 39 weeks. - In this period, Plaintiff worked 6 days per week. Plaintiff had Thursdays off, and he worked on Mondays and Tuesdays from 7:00 AM to 5:00 PM (10 hours each day); on Wednesday from 7:00 AM to 10:00 PM (15 hours); and on Fridays, Saturdays, and Sundays from 7:00 AM to 11:00 PM (16 hours each day). Plaintiff completed 83 working hours every week.  He was unable to take bonafide lunch breaks.

14. Plaintiff was paid at the rate of $12.00 an hour, and his overtime rate should be $18.00 an hour. Plaintiff was paid for all his hours, but at his regular rate.

In this period, Plaintiff is owed half-time overtime for every hour worked over 40 every week.

15. During his employment with Defendants, Plaintiff always worked more than 40 hours in a week, he was compensated for all his hours at his regular rate, but he was not paid for overtime hours.

16. Plaintiff clocked in and out, and the Defendants were able to track the hours worked by Plaintiffs and other similarly situated individuals.

17. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

18. Plaintiff was paid strictly in cash without any record or paystub providing necessary information such as a total number of days and hours worked, wage rate paid, employment taxes withheld, etc.

19. On or about January 11, 2021, Plaintiff resigned from his position at Mama's Greek Cuisine.

20. After his resignation, Defendants denied Plaintiff the payment of his last week of hard-earned wages.  Plaintiff was not paid for one week of work at any rate, not even the minimum wage rate.

21. Plaintiff JOEL SALVADOR seeks to recover regular unpaid wages, half-time overtime for overtime hours paid at the regular rate, and time and one half his regular wage rate, for hours over 40, which were not paid, at any rate, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

22. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

23. Plaintiffs contend that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay the Plaintiffs and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

24. This action is intended to include every dishwasher, prep cook, cleaning employee, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS**

25. Plaintiff Joel Salvador re-adopts every factual allegation stated in paragraphs 1-24 above as if set out in full herein.

26. Defendant Mama's Greek Cuisine was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a Greek restaurant. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is F.L.S.A. enterprise coverage.

27. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a dishwasher that regularly handled and worked with goods that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

28. Defendants Mama's Greek Cuisine and Georgia Memisakis employed Plaintiff Joel Salvador as a non-exempted, full-time, hourly employee

during two periods. Plaintiff had duties as a dishwasher, prep cook, and cleaning employee.  Plaintiff worked for Defendants as follows:

29. 1.- From approximately July 01, 2019, to December 15, 2019, or 24 weeks. - In this period, Plaintiff worked 5 days per week, a total of 65 hours. Plaintiff was paid at the rate of $11.00 an hour, and his overtime rate should be $16.50 an hour.  Plaintiff was paid for all his hours, but at his regular rate.  In this period, Plaintiff is owed half-time overtime for every hour worked over 40 every week.

30. 2.- From approximately January 15, 2020, to March 15, 2020, or 8 weeks. - In this period, Plaintiff worked 7 days per week, a total of 102.5 hours. Plaintiff was paid at the rate of $12.00 an hour, and his overtime rate should be $18.00 an hour.  Plaintiff was paid for all his hours, but at his regular rate.  In this period, Plaintiff is owed half-time overtime for every hour worked over 40 every week.

31. 3.- From approximately April 15, 2020, to January 11, 2021, or 39 weeks. - In this period, Plaintiff worked 6 days per week, a total of 83 hours. He was unable to take bonafide lunch breaks. Plaintiff was paid at the rate of $12.00 an hour, and his overtime rate should be $18.00 an hour. Plaintiff was paid for all his hours, but at his regular rate.  In this period, Plaintiff is owed half-time overtime for every hour worked over 40 every week.

32. During his employment with Defendants, Plaintiff always worked more than 40 hours in a week, he was compensated for all his hours at his regular rate, but he was not paid for overtime hours.

33. Plaintiff clocked in and out, and the Defendants were able to track the hours worked by Plaintiffs and other similarly situated individuals.

34. Therefore, Defendants willfully failed to pay Plaintiffs overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

35. Plaintiff was paid strictly in cash without any record or paystub providing necessary information such as a total number of days and hours worked, wage rate paid, employment taxes withheld, etc.

36. On or about January 11, 2021, Plaintiff resigned from his position at Mama's Greek Cuisine.

37. If any, the records concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

38. Defendants violated the record-keeping requirements of F.L.S.A., 29 C.F.R. Part 516.

39. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

40. Plaintiff is not in possession of time and payment records, but he will provide a reasonable faith estimate based on his recollections and the best of his knowledge. After discovery, Plaintiff will amend his statement of claim accordingly.

    a. Total amount of alleged unpaid O/T wages:

       Sixteen Thousand Three Hundred Sixty-Two Dollars and 00/100 ($16,362.00)

    b. Calculation of such wages:

       Total period of employment: 80 weeks
       Relevant weeks of employment:  71 weeks

    1.- O/T from approx. July 01, 2019, to December 15, 2019, or 24 weeks.

       Relevant weeks of employment:  24 weeks
       Total hours worked:  65 hours weekly average
       Total overtime hours: 25 overtime hours
       Regular rate: $11.00 x 1.5=$16.50
       O/T rate: $16.50-$11.00 rate paid= $5.50 half-time difference

       $5.50 half-time O/T x 25 hours=$137.50 weekly x 24 weeks= $3,300.00

<u>2.- O/T from approx. January 15, 2020, to March 15, 2020, or 8 weeks</u>

Relevant weeks of employment:  8 weeks
Total hours worked:  102.5 hours weekly average
Total overtime hours: 62.50 overtime hours
Regular rate: $12.00 x 1.5=$18.00
O/T rate: $18.00-$12.00 rate paid= $6.00 half-time difference

$6.00 half-time O/T x 62.5 hours=$375.00 weekly x 8 weeks= $3,000.00

<u>3.- O/T from approx. April 15, 2020, to January 11, 2021, or 39 weeks</u>

Relevant weeks of employment:  39 weeks
Total hours worked:  83 hours weekly average
Total overtime hours: 43 overtime hours
Regular rate: $12.00 x 1.5=$18.00
O/T rate: $18.00-$12.00 rate paid= $6.00 half-time difference

$6.00 half-time O/T x 43 hours=$258.00 weekly x 39 weeks= $10,062.00

Total #1, #2, and #3: $16,362.00

c.  <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

41. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

42. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

43. At times mentioned, individual Defendant Georgia Memisakis was and is now the owner/partner/manager of Mama's Greek Cuisine. Defendant Georgia Memisakis was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in Mama's Greek Cuisine's interests concerning its employees, including Plaintiff and others similarly situated.  Defendant Georgia Memisakis had financial and operational control of the business, determined Plaintiff's terms and conditions of employment, and she is jointly and severally liable for Plaintiff's damages.

44. Defendants Mama's Greek Cuisine and Georgia Memisakis, willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and

remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

45. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Joel Salvador and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Joel Salvador and other similarly situated individuals and against the Defendants Mama's Greek Cuisine and Georgia Memisakis based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff Joel Salvador actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Joel Salvador demands trial by a jury of all issues triable as of right by a jury.

## **COUNT II:**
## **F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION:**
## **FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

46. Plaintiff Joel Salvador re-adopts every factual allegation as stated in paragraphs 1-24 of this complaint as if set out in full herein.

47. Plaintiff Joel Salvador brings this action and those similarly situated to recover from the Employers Mama's Greek Cuisine and Georgia Memisakis unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

48. Defendant Mama's Greek Cuisine was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is F.L.S.A. enterprise coverage.

49. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a kitchen employee who handled and worked on goods that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

50. Defendant Mama's Greek Cuisine was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (F.L.S.A.).

51. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or

52.  the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—

      (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

      (B) $6.55 an hour, beginning 12 months after that 60th day; and

       (C) $7.25 an hour, beginning 24 months after that 60th day

53. Defendants Mama's Greek Cuisine and Georgia Memisakis employed Plaintiff Joel Salvador as a non-exempted, full-time, hourly employee during two periods. Plaintiff had duties as a dishwasher, prep cook, and cleaning employee.  Plaintiff worked for Defendants as follows:

54. 1.- From approximately July 01, 2019, to December 15, 2019, or 24 weeks. -
    In this period, Plaintiff worked 5 days per week, a total of 65 hours. Plaintiff
    was paid at the rate of $11.00 an hour for all his hours at his regular rate.

55. 2.- From approximately January 15, 2020, to March 15, 2020, or 8 weeks. - In
    this period, Plaintiff worked 7 days per week, a total of 102.5 hours. Plaintiff
    was paid at the rate of $12.00 an hour for all his hours at his regular rate.  In
    this period, Plaintiff is owed half-time overtime for every hour worked over
    40 every week.

56. 3.- From approximately April 15, 2020, to January 11, 2021, or 39 weeks. - In
    this period, Plaintiff worked 6 days per week, a total of 83 hours. He was
    unable to take bonafide lunch breaks. Plaintiff was paid at the rate of $12.00.
    Plaintiff was paid for all his hours at his regular rate.

57. During his time of employment with Defendants, Plaintiff always worked
    more than 40 hours in a week.

58. On or about January 11, 2021, Plaintiff resigned from his position at Mama's
    Greek Cuisine.

59. At the time of his resignations, Defendants refused to pay Plaintiff for his
    last week of employment or 83 hours.

60. Plaintiff was not paid for a substantial number of hours regular wages at
    any rate, not even the minimum wage required by law.

61. Plaintiff clocked-in and out, and Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

62. Therefore, Defendants willfully failed to pay Plaintiff his regular wages in violation of the Fair Labor Standards Act.

63. Plaintiff was paid strictly in cash without any record or paystub providing necessary information such as total number of days and hours worked, wage rate paid, employment taxes withheld, etc.

64. If any, the records concerning the number of hours worked by Plaintiff Joel Salvador and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendant.  However, Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.  Defendant violated the record-keeping requirements of F.L.S.A., 29 C.F.R. Part 516.

65. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

66. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's reasonable faith estimate of unpaid wages are as follows:

* Florida's minimum wage for 2021 is $8.65, which is higher than the Federal minimum wage. As per F.L.S.A. regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

        Seven Hundred Seventeen Dollars and 95/100 ($717.95)

    b. <u>Calculation of such wages</u>:

        Total weeks of employment: 80 weeks
        Total unpaid weeks:  1 week
        Total hours worked: 83 hours weekly
        Federal minimum wage:  $7.25
        Florida minimum wage 2021:  $8.65

        2021 Fl. minimum wage $8.65 x 83 hrs.= $717.95

    c. <u>Nature of wages</u>:

        This amount represents unpaid min. wages at Florida minimum Wage rate.

67. Defendants Mama's Greek Cuisine and Georgia Memisakis unlawfully failed to pay Plaintiff minimum wages.

68. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these minimum wages since the commencement of Plaintiff and

those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

69. At times mentioned, individual Defendant Georgia Memisakis was and is now the owner/partner/manager of Mama's Greek Cuisine. Defendant Georgia Memisakis was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in Mama's Greek Cuisine's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Georgia Memisakis had financial and operational control of the business, determined Plaintiff's terms and conditions of employment, and she is jointly and severally liable for Plaintiff's damages.

70. Defendants Mama's Greek Cuisine and Georgia Memisakis willfully and intentionally refused to pay Plaintiff minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants.

71. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Joel Salvador and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Joel Salvador and against the Defendants Mama's Greek Cuisine and Georgia Memisakis on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Joel Salvador and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated:  February 16, 2021

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:       (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*